UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jeff and Christine Gibbs,  File No. 24-cv-1663 (ECT/ECW)

    Plaintiffs,

v.  **OPINION AND ORDER**

SECURA Insurance Company,

    Defendant.

---

Justice Ericson Lindell and Mihajlo Babovic, Greenstein Sellers PLLC, Minneapolis, MN, for Plaintiffs Jeff and Christine Gibbs.

Jonathan L. Schwartz, Freeman Mathis & Gary, LLP, Chicago, IL, and Beth A. Jenson Prouty, Arthur, Chapman, Kettering, Smetack & Pikala, P.A., Minneapolis, MN, for Defendant SECURA Insurance Company.

---

    A hailstorm damaged buildings on a farm owned by Plaintiffs Jeff and Christine Gibbs. When the storm occurred, the property was insured under a policy issued by Defendant SECURA Insurance Company. The Gibbses and SECURA disagree regarding the amount of the loss, including whether some losses are covered. The Gibbses move to compel appraisal, and the motion will be granted. Applying Minnesota law, there is no genuine dispute that the preconditions to appraisal have occurred, and the coverage questions SECURA has identified are generally appropriate for the appraisal panel's resolution.

    *Dispute-prompting facts.* The hailstorm occurred May 11, 2022. Compl. [ECF No. 1-1] ¶ 10; Answer [ECF No. 17] ¶ 10. SECURA produced loss estimates first—in July,

August, and October 2022. *See* ECF No. 26-3. According to the Gibbses' adjustor, SECURA's loss estimates totaled $717,150.25. ECF No. 26-2 at 9.[1] SECURA does not dispute this figure. *See* Def.'s Mem. in Opp'n [ECF No. 32] at 6 n.3. SECURA asserts it has paid the Gibbses $171,933.28. *Id.* at 2 (citing ECF No. 33-2[2]), 6. The Gibbses submitted their loss estimates in March 2023, and they totaled $2,198,755.83. ECF No. 26-2 at 9. SECURA and the Gibbses' estimates differ for the usual reasons: SECURA and the Gibbses disagree regarding the existence, extent, and nature of damage to buildings, and they disagree regarding the scope and cost of repairs to damaged buildings. *See* ECF Nos. 26-7, 26-9 at 1–2. These disagreements prompted the Gibbses to demand appraisal in line with a provision in the SECURA policy.[3] ECF No. 26-4. SECURA rejected the

---

[1] Page cites are to ECF pagination appearing in a document's upper right corner, not to a document's original pagination.

[2] This document appears to support a slightly smaller figure. However, the Gibbses have not disputed the number alleged by SECURA, and the precise amount of money SECURA has paid to the Gibbses does not weigh on this decision, as there are no allegations SECURA has paid the amount of the Gibbses' estimate.

[3] That provision reads:

> 7. **Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and independent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose a competent and impartial umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.
>
> Each party will:
> a. Pay its own appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally.
>
> Our request for an appraisal or examination will not waive any of our rights.

ECF No. 33-1 at 125.

Gibbses' appraisal demand. ECF No. 26-5. In SECURA's view, the Gibbses' demand implicated coverage questions that could not be resolved through an appraisal. *See id.* The Parties communicated further regarding the Gibbses' demand, but SECURA maintained its position and refused to assent to appraisal. *See* ECF Nos. 26-6, 26-8, 26-9, and 33-4. SECURA's refusal to agree to appraisal prompted the Gibbses to file this case.[4]

*General rules governing motions to compel appraisals.* A motion to compel appraisal is treated as a motion for partial summary judgment seeking specific performance. *McCoy v. Am. Fam. Mut. Ins. Co.*, 189 F. Supp. 3d 896, 900 (D. Minn. 2016) (citing *Dewall v. Am. Fam. Mut. Ins. Co.*, No. 15-cv-1954 (ADM/HB), 2015 WL 5719143, at *1 (D. Minn. Sept. 29, 2015), and *St. Panteleimon Russian Orthodox Church v. Church Mut. Ins. Co.*, No. 13-cv-1977 (SRN/JJK), 2013 WL 6190400, at *3 (D. Minn. Nov. 27, 2013). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if its resolution "might affect the outcome of the suit under the governing substantive law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "The evidence of the

---

[4]   The Gibbses brought the case in Le Sueur County (Minnesota) District Court. ECF No. 1 ¶ 1. SECURA removed the case based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *Id.* ¶ 7. In its removal notice, SECURA alleges the Gibbses are Minnesota citizens. *Id.* ¶ 7(a). SECURA alleges it is incorporated under Wisconsin law and maintains its principal place of business there. *Id.* ¶ 7(a). There is no reason to question these allegations. And measured by the difference between what SECURA has paid the Gibbses on their claim and the Gibbses' estimates, § 1332(a)'s $75,000 amount-in-controversy threshold is satisfied.

3

non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citation omitted). The Parties agree that Minnesota law governs the case, and there is no good reason to second-guess the Parties' agreement on this point. *See Netherlands Ins. Co. v. Main St. Ingredients, LLC*, 745 F.3d 909, 913 (8th Cir. 2014) ("Because the parties do not dispute the choice of Minnesota law, we assume, without deciding, Minnesota law applies . . . ."). Under Minnesota law, a motion to compel appraisal must be granted if the undisputed material facts demonstrate (1) a valid agreement was made, (2) the party demanding appraisal performed all conditions precedent, and (3) the party opposing appraisal breached the agreement. *Silverado Park Ass'n v. Country Mut. Ins. Co.*, No. 23-cv-3687 (KMM/DLM), 2024 WL 3565792, at *3 (D. Minn. July 29, 2024) (citing *McCoy*, 189 F. Supp. 3d at 900). The at-issue contract must be construed as a whole, and unambiguous policy terms should be given their plain and ordinary meaning. *Id.* (citing *Maplebrook Ests. Homeowner's Ass'n, Inc. v. Hartford Fire Ins. Co.*, No. 21-cv-01532 (SRN/DJF), 2024 WL 869069, at *12 (D. Minn. Feb. 29, 2024)).

*Disputed question.* SECURA does not question the policy's validity. It disputes whether the appraisal provision has been triggered. Under the policy, a "fail[ure] to agree on the amount of loss" is a condition precedent to appraisal. ECF No. 33-1 at 125. In SECURA's view, the Gibbses have not shown the Parties "fail to agree" on the amount of loss. SECURA says the Parties' disagreement concerns threshold coverage questions about whether the Gibbses "suffered any damage other than uncovered and excluded cosmetic loss" and whether, if cosmetic loss was covered, the Gibbses "submitted timely proof of repair or replacement of cosmetic loss, in compliance with the conditions of the

4

policy." Def.'s Mem. in Opp'n at 1. SECURA argues these threshold coverage questions must be adjudicated before any appraisal can occur, or, to put it another way, until these coverage questions are answered, there can be no failure to agree on the amount of loss. *See id.* at 4–9. The Gibbses argue that the Parties' competing estimates are all that's necessary to show a failure to agree on the amount of loss and that the presence of coverage disputes does not preclude appraisal. Pl.'s Mem. in Supp. [ECF No. 25] at 3–9.

*Quade v. Secura Ins.*, 814 N.W.2d 703 (Minn. 2012). The Parties' arguments implicate *Quade*. There, the Minnesota Supreme Court drew a line between the authority of appraisers on the one hand, and courts on the other, in resolving insurance disputes. *See id. Quade*'s basic rule is "that the phrase 'amount of loss,' as it relates to the authority of the appraiser under the policy, unambiguously permits the appraiser to determine the cause of the loss." *Id.* at 704. In other words, "in the insurance context, an appraiser's assessment of the 'amount of loss' necessarily includes a determination of the cause of the loss, and the amount it would cost to repair that loss." *Id.* at 706. "But an appraiser's liability determinations are not 'final and conclusive.'" *Id.* at 707 (quoting *Itasca Paper Co. v. Niagara Fire Ins. Co.*, 220 N.W. 425, 427 (Minn. 1928)). "Importantly, an appraisal award 'does not preclude the insurer from subsequently having its liability on the policy judicially determined.'" *Id.* (quoting *Itasca Paper Co.*, 220 N.W. at 427). *Quade*'s upshot, then, is that appraisers have authority to resolve damage questions and causation questions necessary to resolving those damage questions, and courts have authority to resolve coverage questions remaining after the appraisal. *Id.* at 707–08. Though "the line between liability and damage questions is not always clear," *id.* at 706, "*Quade* tells us how to

5

distinguish between the two," *Axis Surplus Ins. Co. v. Condor Corp.*, 19 F.4th 1062, 1064 (8th Cir. 2021). Questions "*solely*" concerning policy interpretation are "legal questions for the court." *Id.* (quoting *Quade*, 814 N.W.2d at 707). Questions requiring the separation of a covered loss from a non-covered or excluded loss are for the appraiser, certainly to start. *See id.*

*Applying Quade.* This case is in the latter category. The Gibbses claim that a covered cause of loss—a hailstorm—caused direct physical loss to buildings on their farm. *See* ECF No. 26-2. Beyond the amounts it has paid already, SECURA disagrees. It says some buildings weren't damaged at all. *See, e.g.*, ECF No. 26-7 at 1. It disagrees regarding the extent of damage to other buildings. *Id.* at 1–2. As to other buildings, it leaves open whether they suffered covered damage but insists on additional proof. *Id.* at 1. It disputes the necessary scope of work on damaged buildings. *Id.* And SECURA disputes whether buildings suffered covered "functional" damage versus what it characterizes as non-covered "cosmetic" damage. *Id.* at 3. These disagreements drive the Parties' failure to agree on the amount of the loss, and settling them will require a fact-intensive, building-by-building inquiry regarding the cause, extent, and nature of the loss and the amount it would cost to repair the loss. Under *Quade*, these questions are for the appraisal panel to answer. Depending on the panel's answers, SECURA may return to court and "hav[e] its liability on the policy judicially determined." *Quade*, 814 N.W.2d at 707 (quotation omitted).

*Remaining issues.* Two issues deserve to be addressed, if briefly. First, SECURA argues that a policy provision requiring the Gibbses to furnish proof of certain repairs or

6

replacements "within 365 days of the date of loss" is a condition precedent to appraisal, and the Gibbses did not comply with it. Def.'s Mem. in Opp'n at 4–5; ECF No. 33-1 at 92, 93. This is not persuasive. The policy's appraisal provision identifies one condition precedent to its enforcement: "fail[ure] to agree on the amount of loss." *Id.* at 125. The provide-proof-within-365-days provision does not reference the appraisal provision, or vice-versa. And Judge Menendez persuasively rejected a comparable argument in *Silverado Park Ass'n*, 2024 WL 3565792, at *4–5. Whether, or precisely how, this provision may affect SECURA's liability will depend on specific aspects of the appraisal panel's award and perhaps additional, post-appraisal proceedings. Second, SECURA argues the Gibbses have not shown that they and SECURA "fail to agree on the amount of loss" because they have not provided evidence specifically contesting SECURA's assertion that much of the loss is cosmetic and therefore not covered. Def.'s Mem. in Opp'n at 6–9. As support for this argument, SECURA cites *Zulfe Enters., Inc. v. State Farm Fire and Cas. Co.*, No. A20-0063, 2020 WL 7491266 (Minn. Ct. App. Dec. 21, 2020). There, the Minnesota Court of Appeals explained that a party demanding an appraisal shows a "failure to agree" on the amount of loss "if the parties . . . each assert a position as to the amount of the loss that provides sufficient information for comparison and a determination whether they agree." *Id.* at *5. As I understand the case, *Zulfe* involved a mere appraisal demand; the insured (who demanded the appraisal) provided no information to the insurer. *See id.* (noting the insured "never provided [the insurer] proofs of loss or any other detailed indication of his assessment as to the cause and amount of his claimed losses"). This case is materially different. Here, the Gibbses and SECURA's loss estimates and ensuing

7

correspondence assert competing positions regarding the amount of loss and provide sufficient information for comparison. They show a failure to agree in the way *Zulfe* describes.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Plaintiffs' Motion to Compel Appraisal [ECF No. 23] is **GRANTED**.

Date: September 16, 2024

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court