**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Jeff Gibbs and Christine Gibbs,

Plaintiffs,

v.

Secura Insurance Company,

Defendant.

Case No. 24-cv-1663 (ECT/SGE)

**ORDER**

---

This matter is before the Court upon Defendant Secura Insurance Company's Motion to Amend the Scheduling Order and to Clarify What Fact Issues Exist for Trial. (Dkt. 84.) Consistent with the Court's ruling from the bench, the Court grants the Motion.

A pretrial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). "[W]hile diligence is the primary factor for assessing good cause, nothing limits the Court's broad discretion in establishing and enforcing the deadlines in the scheduling order." *Portz v. St. Cloud State University*, No. 16-1115, 2017 WL 3332220, at *3 (D. Minn. Aug. 4, 2017) (internal quotations and citations omitted). "Good cause may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance[.]" *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020).

The Court finds that there are newly discovered facts sufficient to establish good cause for modifying the scheduling order. First, although Secura reasonably anticipated that the Gibbs would file a motion to vacate the appraisal award, they never did. This was a surprise to Secura given that the Gibbs' went to the trouble of subpoenaing documents from and deposing the members of the appraisal panel.

Second, the Gibbs did not disclose to Secura until after the dispositive motion deadline of June 30, 2026, that they would be challenging the reasonableness of the insurance policy's 365-day deadline to complete all repairs on the property in order for them to collect the full amount of the cost to repair the damage to the property. (Dkt. 86-6.) Because of this, the parties did not engage in discovery on this issue, and Secura was unaware of the extent of the repairs that had been made on the Gibbs' property.

This case is similar to *Cincinnati Ins. Co. V. Rymer Companies LLC*, 19-cv-1025, 2024 WL 4024806 (D. Minn. Jan. 30, 2024), in which Chief Judge Tostrud allowed additional discovery past the deadline given a significant changed circumstance - the issuance of an appraisal award clarification. *Id.* at 2. Judge Tostrud concluded that because such information was not available at the time discovery closed and because plaintiff sought to reopen discovery in a diligent manner, there was good cause to allow amendment of the pretrial scheduling order. *Id.*

The same is true here. The newly discovered facts noted above came to light only after the dispositive motion deadline elapsed. Once Secura learned these facts, it quickly and diligently sought relief from the Court. Under these circumstances, the Court finds

good cause to amend the scheduling order to allow Secura to file a dispositive motion to address the remaining issue in the case.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The Motion to Amend the Scheduling Order and to Clarify What Fact Issues Exist for Trial (Dkt. 84) is **GRANTED**;

2. The second Motion to Amend the Scheduling Order and to Clarify What Fact Issues Exist for Trial (Dkt. 90) is **DENIED AS MOOT**; and

3. The dispositive motion deadline is extended to October 13, 2026, for Defendant only.

Date: September 10, 2026

*s/Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge